# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50921
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 14, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

THOMAS LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-625-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Thomas Lopez pleaded guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine, and he was sentenced to 240 months in prison. On appeal, Lopez contends that the district court abused its discretion in denying his motion to continue sentencing so as to allow him additional time to debrief.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50921

We review the denial of a continuance for an abuse of discretion. *United States v. Stalnaker*, 571 F.3d 428, 439 (5th Cir. 2009). Lopez must demonstrate that the denial "resulted in specific and compelling or serious prejudice." *United States v. Barnett*, 197 F.3d 138, 144 (5th Cir. 1999) (internal quotation marks and citation omitted). We will uphold the district court's decision, even if it was harsh, as long as it was not arbitrary or unreasonable. *See Stalnaker*, 571 F.3d at 439.

Lopez has failed to show that the denial of the continuance was arbitrary or unreasonable. *See id.* In denying the continuance, the district court voiced its concern why efforts to debrief had been unsuccessful and was apparently unmoved by the proffered reason, to wit, the agent's availability and trying to coordinate the parties' schedules. The court further suggested that a continuance was unnecessary because it could "revisit" any sentence reduction upon the appropriate motion from the Government.

Lopez's assertion that he was prejudiced because it is likely that he would have a received a lesser sentence is unsupported and speculative. And, as pointed out by the Government, Lopez's assertion of a lesser sentence is refuted by the fact that during the two months following his plea, Lopez provided no cooperation. Further, as noted by the district court, whether the continuance was granted or not, it could consider any sentence reduction upon a proper motion by the Government. In short, Lopez has not alleged, much less demonstrated, that he suffered "specific and compelling or serious prejudice" from the denial of the continuance. *Barnett*, 197 F.3d at 144. The judgment is affirmed.

AFFIRMED.